UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cr-20106-SCOLA

**UNITED STATES OF AMERICA**

vs.

**MARTIN VALDES et al.**

        **Defendants.**
_____/

## UNITED STATES' RESPONSE TO STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order as it relates to defendant Fidalgis Font. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.    1.    Written or recorded statements made by the defendant were produced to the defense via hard drive.

      2.    That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent has been produced via hard-drive.

      3.    No defendant testified before a grand jury.

      4.    NCIC records have been produced to counsel via email.

      5.    The vast majority of the discoverable material in the possession, custody, and control of the prosecution team have been produced to the defendant via hard-drive. Please be advised that the hard-drives do *not* contain copies of all of the books, papers, documents, etc., that the government may intend to introduce in its case in chief or that may be material to the preparation of the defense. For example, the United States has in its possession emails and documents from the federal Food and Drug Administration ("FDA") that relate to regulatory proceedings involving defendant Martin Valdes. The FDA is in the process of reviewing these materials for potential privilege. The government will produce responsive, non-privileged material from the FDA documents as soon as that review is complete.

      6.    There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. **DEMAND FOR RECIPROCAL DISCOVERY**: The United States requests the disclosure and production of materials enumerated as items 1, 2, and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Agurs*, 427 U.S. 97 (1976).

D. The government will disclose under separate cover any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of *Giglio v. United States*, 405 U.S. 150 (1972), or *Napue v. Illinois*, 360 U.S. 264 (1959).

E. The government will disclose under separate cover any prior convictions of any alleged co-conspirator, accomplice, or informant who will testify for the government at trial.

F. A photographs of an individual identified as the defendant and shown to witnesses in the course of the investigation was produced to the defense via email. The government did not conduct any lineup or showup identifications in this case.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made to available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. No contraband is involved in this indictment.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.  The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.  The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

  To date, the government has not received a request for disclosure of the subject matter of expert testimony that the government reasonably expects to offer at trial. Please note, however, that at trial the government intends to offer an analysis of various bank records and financial transactions. The government does not believe this constitutes expert opinion testimony within the meaning of Fed. R. Evid. 702, 703 or 705. *See United States v. Hamacker*, 455 F.3d 1316, 1330-32 (11th Cir. 2006) (rejecting defendant's argument that a testifying financial analyst was an expert, or that the witness offered expert opinions, when the witness merely compared and summarized records). If defense counsel disagrees with the government's assessment, then counsel should contact the undersigned in an effort to resolve the issue, if possible, without court intervention.

  Having made this disclosure, the government hereby demands a written summary of expert testimony that the defense reasonably expects to offer at trial pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence, describing the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

  The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, *Brady*, *Giglio*, *Napue*, and the obligation to assure a fair trial.

  In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense is listed in the Indictment.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

*/s/ Lauren M. Elfner*
Lauren M. Elfner
Joshua D. Rothman
Trial Attorneys
U.S. Department of Justice
Consumer Protection Branch
Court ID Numbers A5502478, A5502447
450 Fifth Street, NW, Suite 6400S
Washington, D.C. 20001
Tel. 202 305-7171; Fax: 202 514-8742
E-mail: Lauren.Elfner@usdoj.gov
           Joshua.D.Rothman@usdoj.gov